EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Accumail de Puerto Rico<br><br>Recurrida<br><br>vs.<br><br>Junta de Subastas de la Autoridad de Acueductos y Alcantarillados, et al.<br><br>Peticionarios | Certiorari<br><br>2007 TSPR 70<br><br>170 DPR _____ |

Número del Caso: CC-2006-497
        Cons. con CC-2006-500

Fecha: 12 de abril de 2007

Tribunal de Apelaciones:

                Región Judicial de San Juan, Panel VI

Juez Ponente:

                Hon. Carlos M. Rodríguez Muñiz

Abogados de la Parte Peticionaria:

                Lcdo. Ricardo E. Carrillo Delgado
                Lcdo. Pedro Santiago Rivera
                Lcda. Michelle Camacho Nieves

Abogado de la Parte Recurrida:

                Lcdo. Roberto O. Maldonado Nieves


Materia: Revisión Administrativa-Subasta

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Accumail de Puerto Rico

  Recurrida

        vs.

                               CC-2006-497      Certiorari

Junta de Subastas de la Autoridad
de Acueductos y Alcantarillados,   Cons. CC-2006-500
et al.

  Peticionarios


PER CURIAM


San Juan, Puerto Rico, a 12 de abril de 2007.

Nos corresponde determinar si actuó correctamente el Tribunal de Apelaciones al revocar una determinación de la Junta de Subastas de la Autoridad de Acueductos y Alcantarillados (A.A.A.), mediante la cual se le concedieron a Caribbean Forms Manufacturing (C.F.M.) los trabajos de facturación y correspondencia general, y a Accumail de Puerto Rico, Inc. (Accumail) los trabajos relacionados con el informe de calidad de agua. Mediante el referido dictamen, el foro apelativo dejó sin efecto la adjudicación hecha a favor de C.F.M. y le

concedió todos los trabajos incluidos en la subasta a Accumail, aún cuando esta entidad había sido declarada no responsiva por la Junta de Subastas en cuanto a ciertos renglones. Por entender que la Junta no abusó de su discreción en las adjudicaciones realizadas reinstalamos su dictamen y, en consecuencia, revocamos la decisión del Tribunal de Apelaciones.

I

Los hechos de este caso no están en controversia. La A.A.A. invitó al público a participar de una subasta para la contratación de servicios de preparación e impresión de facturas, avisos y correspondencia en general. El pliego de subasta detallaba los requisitos que debían cumplir los licitadores al presentar sus ofertas, entre ellos, detallar un costo fijo total a base de un sistema de facturación mensual y otro a base de un sistema bimensual. Es decir, se exigía que el licitador ofreciera dos cotizaciones para los servicios en cuestión, a saber, una primera cotización basada en servicios rendidos seis (6) veces al año, y otra basada en servicios ofrecidos doce (12) veces al año. En el servicio de informes de calidad de agua, sin embargo, se requería una sola cotización basada en un sistema anual.

El pliego de especificaciones también requería que el licitador presentara una declaración jurada en la que informara si había sido convicto o si se había declarado culpable de cualquiera de los delitos enumerados en el

Art. 3 de la Ley Núm. 458 de 29 de diciembre de 2000, según enmendada, o si se encontraba bajo investigación en algún procedimiento legislativo, judicial o administrativo en cualquier país.

A la referida subasta comparecieron Accumail, C.F.M., Moore Wallace y Evertec. Evaluadas las ofertas, la Junta adjudicó a favor de C.F.M. todos los trabajos relacionados con la impresión de facturas y trabajos de correspondencia. La decisión de la Junta se basó en el hecho de que —en cuanto a los servicios mencionados— C.F.M. fue el único postor responsivo. De otra parte, la Junta le adjudicó a Accumail los informes de calidad de agua, ya que fue el postor más bajo y en ese renglón sí fue responsivo.

Inconforme con la decisión, Accumail presentó ante la Junta de Subastas una moción de reconsideración. Adujo que su propuesta fue responsiva y que cualquier duda que la misma hubiese generado quedó aclarada con una llamada telefónica que le hizo la propia Junta. En la referida llamada, la Junta le preguntó a representantes de Accumail si el precio cotizado era para el sistema de facturación mensual o para el bimensual. La respuesta de Accumail fue que era el mismo precio independientemente de que el servicio fuera mensual o bimensual. Accumail alegó que, aclarado ese detalle, el precio ofrecido era más bajo que el de C.F.M. Además, sostuvo que C.F.M. incumplió con los requisitos del pliego de

especificaciones al no informar que uno de sus oficiales corporativos enfrentaba una investigación en el foro federal por un alegado esquema de fraude.

La Junta de Subastas acogió la moción de reconsideración, pero confirmó la adjudicación hecha a favor de C.F.M. en cuanto a los servicios señalados. La Junta indicó que la llamada que le hizo a Accumail no podía tener el efecto de subsanar su incumplimiento con las especificaciones del pliego de subastas. Además, la Junta entendió que tomar en cuenta la "aclaración" hecha por Accumail en la conversación telefónica atentaría contra los principios de sana administración que rigen los procesos de subastas.

En cuanto al alegado incumplimiento de C.F.M. por no informar en la declaración jurada que uno de sus oficiales estaba siendo investigado, la Junta indicó que ni la Ley Núm. 458, supra, ni el pliego de subastas contienen tal exigencia. Señaló que, más bien, el requisito aplica cuando es la entidad licitadora quien ha sido convicta, se ha declarado culpable o está sujeta a investigación.

Insatisfecha aún, Accumail acudió ante el Tribunal de Apelaciones, el cual revocó la determinación. Dicho foro concluyó que no existía razón para que la Junta no considerara la propuesta de Accumail a la hora de adjudicar los servicios que le concedió a C.F.M., toda vez que mediante la llamada telefónica se subsanó la

imprecisión del precio cotizado. Por otro lado, el foro apelativo determinó que C.F.M. incumplió con las especificaciones de la subasta al no indicar en la declaración jurada si alguno de sus oficiales corporativos se encontraba bajo investigación.

De esta decisión acuden ante nos la A.A.A. y C.F.M. mediante recursos independientes que fueron eventualmente consolidados. En esencia, las entidades peticionarias alegan que el foro apelativo incidió al determinar que la Junta de Subastas debió considerar a Accumail para los trabajos que le adjudicó a C.F.M. porque el defecto en el precio cotizado quedó subsanado con la información provista en la conversación telefónica. Por otro lado, aducen que dicho foro erró al concluir que C.F.M. incumplió con las especificaciones de la subasta porque no informó en la declaración jurada que uno de sus oficiales corporativos estaba sujeto a una investigación en el foro federal[1].

Examinadas las peticiones presentadas, le ordenamos a Accumail mostrar causa por la cual no debamos revocar el dictamen del foro apelativo. Accumail compareció oportunamente. Con el beneficio de sus respectivas posiciones, procedemos a resolver.

---

[1] C.F.M. también señala que el foro apelativo incidió al no considerar sus argumentos sobre la incapacidad de Accumail para proveer los servicios de preparación e impresión de facturas, avisos y correspondencia en general. No obstante, no habremos de pronunciarnos en cuanto a la procedencia de esa alegación, toda vez que ese asunto no se planteó ante la Junta de Subastas.

II

A

Sabido es que la legislación que regula la contratación de servicios para el Gobierno y las subastas gubernamentales busca proteger los intereses del pueblo procurando conseguir los precios más bajos posibles; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia; el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento. Empresas Toledo v. Junta de Subasta, res. el 31 de agosto de 2006, 2006 TSPR 138. Para cumplir estos propósitos, se fomenta la competencia libre y transparente entre el mayor número de licitadores posible. Id.

A tono con el requisito de transparencia en los procesos de subasta, hemos expresado que el elemento de secretividad en la etapa anterior a la apertura de las licitaciones resulta indispensable para que el trámite sea uno de competencia efectiva y honesta. RBR Construction, SE v. Autoridad de Carreteras, 149 D.P.R. 836 (1999). Una vez se han abierto las propuestas, todos los postores conocen las cotizaciones de sus competidores, lo que permite que los más poderosos económicamente tengan la oportunidad de reducir sus precios y eliminar a sus contendientes. Id. Ello, naturalmente, no debe ocurrir ya que puede crear competencia desleal en el proceso de licitación. Id.

B

De conformidad con los preceptos mencionados, la A.A.A. promulgó el Reglamento Núm. 2732 de 14 de noviembre de 1980, el cual establece las normas para la adjudicación de subastas de la A.A.A. El mismo dispone que la Junta de Subastas está facultada para rechazar cualquier propuesta que no cumpla con los requisitos establecidos en el pliego de subastas. Asimismo, la sección 610.317 indica, entre otras cosas, que toda oferta que se someta de forma condicionada de manera tal que modifique las condiciones originalmente estipuladas o que sea insuficiente, será rechazada por la Junta como *"non responsive"*. La referida sección también aclara que no se permiten modificaciones a las licitaciones después de la hora fijada para abrir las mismas.

Por otra parte, la sección 610.318 del Reglamento dispone que mientras se estudian las ofertas el personal se abstendrá de comunicarse con los postores, a menos que sea con el objetivo de solicitar información suya o de aclarar cualquier asunto que no esté claro en la propuesta. Sobre este particular, en el pliego de especificaciones de la subasta que nos ocupa se indicó que la A.A.A. se reservaba el derecho de exigir de los licitadores las aclaraciones necesarias, **siempre que no se haya encontrado evidente incumplimiento por parte del licitador y que el requerimiento no altere las condiciones básicas de la propuesta.**

C

Finalmente, conviene tener presente que las agencias gozan de una amplia discreción en la evaluación de las distintas propuestas sometidas en una subasta. Ello en vista de que "[l]a agencia, con su vasta experiencia y especialización, se encuentra, de ordinario, en mejor posición que nosotros para determinar el mejor licitador tomando en consideración los factores esgrimidos tanto por la ley como su Reglamento de Subastas". Empresas Toledo, supra; A.E.E. v. Maxón Engineering, res. el 9 de diciembre de 2004, 2004 TSPR 197.

De hecho, en reconocimiento de lo anterior, hemos establecido consistentemente que un tribunal no debe sustituir el criterio de la agencia, sino que le debe dar deferencia a las determinaciones de hecho que hace la entidad, así como a su interpretación de las leyes y reglamentos que inciden en su funcionamiento, siempre que sean razonables. Rivera Concepción v. ARPE, 152 D.P.R. 116 (2000). Por tanto, la revisión judicial de este tipo de actuación debe limitarse a evaluar la razonabilidad de la decisión recurrida, la cual deberá ser sostenida a menos que se demuestre que la misma es arbitraria o caprichosa. Cruz Negrón v. Adm. de Corrección, res. el 28 de marzo de 2005, 2005 T.S.P.R. 34.

A la luz de este marco normativo, procedemos a resolver si erró el foro apelativo al determinar que la

Junta de Subastas debió adjudicarle a Accumail los trabajos concedidos a C.F.M.

III

La Junta de Subastas había adjudicado a favor de C.F.M. los servicios de facturación y correspondencia porque entendió que fue el único postor responsivo en cuanto a esos servicios. Al examinar la tabla presentada por la Junta de Subastas en la carta de adjudicación, nos percatamos de que, en efecto, el único postor responsivo en todos los aspectos incluidos en la subasta fue C.F.M. Tanto Accumail como Moore Wallace y Evertec fueron declarados no responsivos en varios renglones.

Ahora bien, a pesar de ello, Accumail alega que su oferta debió considerarse responsiva porque el precio cotizado fue aclarado en la llamada telefónica que le hizo la Junta, así como en una carta posterior. Entendemos, sin embargo, tal como lo afirmó la Junta de Subastas, que la información vertida por Accumail en la llamada telefónica y en la carta enviada con posterioridad no podía tener el efecto de convertir en responsiva una oferta que originalmente no lo era. Aunque la Junta se reservó el derecho de solicitarle a los licitadores ciertas aclaraciones, lo cierto es que – conforme el Reglamento y el pliego de especificaciones– esas aclaraciones no podían considerarse si se había encontrado un incumplimiento por parte del licitador o si

la aclaración alteraba las condiciones básicas de la propuesta.

Del pliego de especificaciones de la subasta que nos ocupa se desprende que los licitadores tenían que ofrecer una cotización para cada sistema y que ellos mismos tenían que hacer el cálculo del precio cotizado a base de unas cantidades estimadas. Accumail, sin embargo, hizo caso omiso de estas pautas y no ofreció un precio para cada sistema ni hizo el cálculo correspondiente. Más bien, se limitó a indicar que cobraría cierta cantidad por factura enviada, sin indicar a cuánto ascendía su propuesta total y sin especificar para cuál de los sistemas era el precio ofrecido. Resulta claro, por tanto, que la Junta de Subastas no podía tomar en cuenta la información vertida en la llamada telefónica, toda vez que Accumail no había cumplido con las especificaciones de la subasta y su "aclaración" sobre el precio cotizado implicaba una alteración a las condiciones básicas de la propuesta. Más aún, tal como sostuvo la Junta, considerar la aclaración hecha por Accumail y, a partir de ella, declarar responsiva su oferta, hubiera atentado contra la transparencia del proceso y los principios de libre competencia. Ello en vista de que Accumail tuvo la ventaja de conocer los precios ofrecidos por cada uno de los licitadores antes de hacer su "aclaración" de que el precio ofrecido aplicaba tanto al sistema mensual como al bimensual. Siendo así, entendemos que la Junta no abusó

de su discreción al concluir que Accumail fue un postor no responsivo en cuanto al renglón relacionado con los servicios de facturación y correspondencia y, por ende, al no adjudicarlos a su favor.

Analizamos ahora la segunda controversia que presentan los recursos de los peticionarios. Éstos plantean que erró el foro apelativo al concluir que C.F.M. incumplió con las especificaciones de la subasta porque no informó en la declaración jurada que uno de sus oficiales estaba sujeto a una investigación en el foro federal.

IV

La Ley Núm. 458, supra, dispone que ningún jefe de agencia gubernamental o instrumentalidad del Gobierno, corporación pública, municipio, o de la Rama Legislativa o Rama Judicial adjudicará subasta o contrato alguno para la realización de servicios o la venta o entrega de bienes a persona natural o jurídica que haya sido convicta o se haya declarado culpable en el foro estatal o federal, en cualquier otra jurisdicción de los Estados Unidos de América o en cualquier otro país, de ciertos delitos constitutivos de fraude, malversación o apropiación ilegal de fondos públicos allí enumerados. 3 L.P.R.A. Sec. 928.

Mediante la aprobación de esta Ley el legislador pretendió dotar de herramientas al Gobierno para velar por el uso adecuado de los fondos públicos cuando

contratistas privados realizan servicios, proyectos, obras o suministran bienes en consideración al pago de dichos fondos. *Exposición de Motivos*, Ley Núm. 458, supra. Dicha ley se creó también con el fin de fortalecer la lucha contra la corrupción y proteger la integridad y el uso óptimo de los recursos fiscales del Estado. *Id*.

Por otro lado, mediante la Ley Núm. 428 de 22 de septiembre de 2004, se enmendó la Ley Núm. 458, supra, con el fin de incluir que toda persona natural o jurídica que desee participar de la adjudicación de una subasta o del otorgamiento de algún contrato con cualquier agencia o instrumentalidad gubernamental, corporación pública o municipio para la realización de servicios o la venta o entrega de bienes, someterá una declaración jurada ante notario público donde informará si ha sido convicta o se ha declarado culpable de cualquiera de los delitos enumerados en la Ley, o si se encuentra bajo investigación en algún procedimiento legislativo, judicial o administrativo, ya sea en Puerto Rico, o cualquier otro país. Si la información fuere en la afirmativa, deberá especificar los delitos por los cuales fue hallado culpable o hizo la alegación de culpabilidad. 3 L.P.R.A. Sec. 928f.

Dicha enmienda responde al interés de que la entidad de Gobierno conozca de antemano cualquier conducta previa de los posibles contratantes en cuanto al uso y manejo de

fondos públicos. *Exposición de Motivos*, Ley Núm. 428, supra. Dicha medida responde, además, al hecho de que resulta oneroso imponerle al jefe de agencia o instrumentalidad de Gobierno, corporación pública o municipio la responsabilidad de corroborar el expediente criminal de cada persona que pretende participar en la adjudicación de una subasta o en el otorgamiento de un contrato. *Id*.

De las disposiciones aludidas se desprende que la obligación de indicar en la declaración jurada la existencia de una convicción, declaración de culpabilidad o proceso investigativo, recae sobre la persona que participa en una subasta o en el otorgamiento de un contrato con un jefe de agencia o instrumentalidad del Gobierno, corporación pública o municipio. De allí surge, además, que lo que tiene que certificar la entidad licitadora (sea persona natural o jurídica) es si ella ha sido convicta o se ha declarado culpable de haber cometido uno de los delitos especificados en la Ley, o si se encuentra sujeta a algún proceso de investigación. La Ley Núm. 458, supra, según enmendada, no obliga a que la entidad licitadora, en caso de que sea una persona jurídica, exprese si alguno de sus oficiales se encuentra en alguna de estas circunstancias. Dicha obligación tampoco surge del pliego de especificaciones de la subasta que nos concierne. En vista de ello, no se puede

decir que C.F.M. tenía la obligación de incluir dicha información en la declaración jurada.

Conforme a lo anterior, concluimos que erró el Tribunal de Apelaciones al determinar que C.F.M. incumplió con los requisitos de la subasta y, a base de ello, adjudicar todos los trabajos a favor de Accumail, aún cuando esta entidad había sido declarada no responsiva por la Junta de Subastas en cuanto a varios renglones.

V

Por los fundamentos que preceden, expedimos el auto solicitado, revocamos el dictamen del Tribunal de Apelaciones y reinstalamos la determinación de la Junta de Subastas de la A.A.A.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Accumail de Puerto Rico

  Recurrida

      vs.

Junta de Subastas de la Autoridad
de Acueductos y Alcantarillados,
et al.

  Peticionarios

CC-2006-497     Certiorari

Cons. CC-2006-500

SENTENCIA

San Juan, Puerto Rico, a 12 de abril de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se expide el auto solicitado, se revoca el dictamen del Tribunal de Apelaciones y se reinstala la determinación de la Junta de Subastas de la A.A.A.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez no intervinieron.

               Aida Ileana Oquendo Graulau
               Secretaria del Tribunal Supremo